IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**MICHAEL KEYES,**

               **Plaintiff,**

      **v.**                        **CASE NO.  08-3249-SAC**

**ELLEN BARTZ,**
**et al.,**

               **Defendants.**

### O R D E R

    This civil rights complaint, 42 U.S.C. § 1983, was filed by an inmate of the Lansing Correctional Facility, Lansing, Kansas (LCF). Plaintiff sues the Warden and the Health Care Administrator at the LCF for injunctive and monetary relief based upon the claim that he is being denied medical treatment.

    Plaintiff has filed a motion for leave to proceed in forma pauperis. Having considered the affidavit and financial records provided by plaintiff in support of plaintiff's motion, that he is unable to pay any portion of the filing fee at this time.

    As the factual basis for his complaint, Mr. Keyes alleges the following. He is suffering from Hepatitis "C" and it is now damaging his liver and is life threatening. He also has a "serious infection in his mouth," which has prevented him from eating for the past eight days, and this condition is also a result of the denial of treatment for his hepatitis. Defendant Bartz has been aware of his serious medical condition and need for treatment for over a year, and is now aware of his mouth infection; however, Mr. Keyes has been refused treatment. Warden McKune has enacted a medical policy that denies plaintiff medical treatment for his conditions,

and plaintiff has been told by "chronic care/medical staff" that it is their policy not to treatment inmates with hepatitis regardless of their need.

Plaintiff exhibits a "Patient Information" sheet given to him by a nurse on June 21, 2007, which describes various forms of Hepatitis, and with respect to treatment of Hepatitis C provides:

> Treatment for Hepatitis C virus has evolved steadily. Every year the medical community learns more about treating Hepatitis C virus. The treatment now available works much better than the treatment available only 2 years ago. Even now except under certain circumstances, it only works 30-50% of the time. Because its effectiveness is so poor and because the side effects are so bad, only people who meet strict criteria are treated. At the end of this information sheet is a list of things that qualify a person in the KDOC system for treatment while incarcerated.

Complaint (Doc. 1), Exhibit A, pg. 2. The sheet also contains reasons why an inmate "must be incarcerated a minimum of 2½ years all together" and his liver enzymes must be elevated twice in one year in order to qualify for treatment. He also exhibits an 2005 article (Exhibit B), that supports the information in the information sheet. Plaintiff states in one of his exhibits of a grievance (Exhibit E) that he has suffered from "genotype I Hep C" since 2003. He also states that he qualifies for the treatment under the guidelines.

Plaintiff exhibits several grievance forms in which he complained about not receiving treatment, and the administrative response was reference to an upcoming chronic care treatment appointment. Plaintiff alleges on his exhibits that he has been told his liver must fail before he will receive treatment, and that the treatment is not available due to KDOC policy because it is too expensive.

Plaintiff claims his life is at risk, he is suffering pain daily, and he is unable to eat.  He asserts that his rights under the Eighth and Fourteenth Amendments to not be subjected to cruel and unusual punishment and to equal protection are being violated.  He asks the court to order defendants to provide the necessary medical treatment, to pay for all future medical treatment he may need as a result of his non-treatment by defendants, and to award money damages of 1.7 million dollars.

The court finds that proper processing of plaintiff's claims cannot be achieved without additional information from appropriate officials of the Lansing Correctional Facility.  See Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978); see also Hall v. Bellmon, 935 F.2d 1106 (10th Cir. 1991).

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED**:

(1) The clerk of the court shall prepare waiver of service forms pursuant to Rule 4(d) of the Federal Rules of Procedure, to be served by a United States Marshal or a Deputy Marshal at no cost to plaintiff absent a finding by the court that plaintiff is able to pay such costs.  The report required herein, shall be filed no later than sixty (60) days from the date of this order, and the answer shall be filed within twenty (20) days following the receipt of that report by counsel for defendant.

(2) Officials responsible for the operation of Lansing Correctional Facility are directed to undertake a review of the subject matter of the complaint:

(a) to ascertain the facts and circumstances;

(b) to consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint;

(C) to determine whether other like complaints, whether pending in this court or elsewhere, are related to this complaint and should be considered together.

(3) Upon completion of the review, a written report shall be compiled which shall be attached to and filed with the defendant's answer or response to the complaint.  Statements of all witnesses shall be in affidavit form.  Copies of pertinent rules, regulations, official documents and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any tapes of the incident underlying plaintiff's claims shall also be included.

(4) Authorization is granted to officials of the Kansas Department of Corrections to interview all witnesses having knowledge of the facts, including the plaintiff.

(5) No answer or motion addressed to the complaint shall be filed until the <u>Martinez</u> report requested herein has been prepared.

(6) Discovery by plaintiff shall not commence until plaintiff has received and reviewed defendant's answer or response to the complaint and the report required herein.  This action is exempted from the requirements imposed under F.R.C.P. 26(a) and 26(f).

Copies of this Order shall be transmitted to plaintiff, to defendants, to the Secretary of Corrections, and to the Attorney General of the State of Kansas.

**IT IS FURTHER ORDERED** that the clerk of the court shall enter

the Kansas Department of Corrections as an interested party on the docket for the limited purpose of preparing the <u>Martinez</u> report ordered herein. Upon the filing of that report, the KDOC may move for termination from this action.

**IT IS FURTHER ORDERED** that the screening process under 28 U.S.C. § 1915A having been completed, this matter is returned to the clerk of the court for random reassignment pursuant D. Kan. Rule 40.1.

**IT IS SO ORDERED.**

Dated this 14th day of October, 2008, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge