IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL KEYES,

      Plaintiff,

vs.

      Case No. 08-3249-JTM

ELLEN BARTZ, et al.,

      Defendants.

MEMORANDUM AND ORDER

      This matter is before the court on the Motion for Preliminary Injunction by plaintiff Michael Keyes. Keyes' action was filed on September 25, 2008. Keyes is an inmate of the Lansing Correctional Facility (LCF). On October 14, 2008, United States District Court Judge Sam A. Crow entered an Order (Dkt. No. 3) noting Keyes' allegations that he has been denied medical treatment and his request for $1.7 million in damages, and requiring that the LCF officers prepare a report consistent with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) within sixty days, and an answer within 20 days of such report. *Id.* at 3.

      Keyes' motion seeks an order requiring the defendants to begin giving him treatment for hepatitis C virus and prohibiting any transfer of the plaintiff from LCF without prior approval of the court. Keyes alleges that he suffers from the hepatitis C virus, that the condition is life-threatening, and that the defendants are aware of the condition but refuse to provide him any treatment for it.

(Dkt. No. 7, at 2, ¶¶ 1-9). He also alleges, without citation to any evidence, that "DEFENDANTS ARE KNOWN TO TRANSFER INMATES THAT FILE COMPLAINTS AS AN ACT OF REPRISAL," and that they "WILL MOVE AND ATTEMPT TO LOSE PLAINTIFF IN CORRECTIONAL SYSTEM" to prevent any treatment of his disease. (Id. at 3, ¶ 11-12).

The exhibits attached to Keyes's motion fail to establish any of the purported factual basis for injunctive relief. These exhibits take the form of either (a) purely generic descriptions of the hepatitis C virus, including a copy of a page on the disease from the Medicine.net website, and (b) a series of KDH Medical Request forms submitted by Keyes beginning in April 2007. The Medical Request forms fail to establish that Keyes has repeatedly sought treatment, and there is nothing in the records to indicate that the prison medical staff is refusing to treat a known condition, and that any life-threatening condition exists as a result.

The forms involve repeated and unsupported claims by Keyes stating that he has not been treated. In one form, he alleges that the medical staff has known of the alleged hepatitis "since 4-29-03 and I have not been treated." (Exh. D). In the Response/Recommendation portion of the forms, the medical staff consistently indicated that Keyes is receiving chronic care treatment.

The record consists solely of Keyes's unsworn, uncorroborated statements that he has a given disease and the defendants are refusing treatment. There is no indication in the record that Keyes has any medical training that would qualify himself to independently diagnose type C hepatitis infection, and no independent medical records corroborating either the existence of such a condition, or that it has reached a life-threatening level of seriousness. The evidence in the record suggests that Keyes has been seeking treatment for the alleged condition for five years. In the June 3, 2008 Medical Request, Keyes alleges that he has not had "any type of treatment" for a year. There is no

evidence before the court to support the claim that the defendants have engaged in a practice of transferring prisoners to prevent medical treatment.

To prevail on a motion for a preliminary injunction in the district court, Keyes must establish he will suffer irreparable injury, the impending injury outweighs the damage the injunction might cause the defendants, that the injunction, if issued, would not be adverse to the public interest, and that there is a substantial likelihood he will prevail on the merits. *Summum v. Pleasant Grove City*, 483 F.3d 1044, 1048 (10th Cir.2007). Keyes has not met this burden with the evidence presented to the Court. Accordingly, the Court will deny Keyes' request for injunctive relief, and will again take up the issue of Keyes' claims when the *Martinez* report is submitted, or when any evidence justifying such on relief is presented.

IT IS ACCORDINGLY ORDERED this 15th day of December, 2008, that the plaintiff's Motion for Preliminary Injunction is hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE