IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL KEYES,

    Plaintiff,

vs.                                        Case No. 08-3249-JTM

ELLEN BARTZ and DAVID McKUNE,

    Defendants.

MEMORANDUM AND ORDER

Plaintiff Michael Keyes asserts claims under the Eighth and Fourteenth Amendments alleging deliberate indifference to his medical needs. Keyes is an inmate at the Lansing Correctional Facility in Lansing, Kansas (LCF), and has been housed in administrative segregation. The defendants have moved to dismiss his claims. (Dkt. 17). Keyes then submitted a variety of motions, including a motion for extension of time to respond to the motion to dismiss, a motion for appointment of counsel, a motion to file an Amended Complaint, and a motion to add a co-plaintiff. The court then entered an Memorandum and Order denying all of these motions, except that it allowed Keyes additional time to respond to the defendants' motion to dismiss.

Keyes has subsequently filed a "Reply" which again seeks leave to file an Amended Complaint.

The defendants' motion cites facts from the *Martinez* administrative record which demonstrate that Keyes is an inmate incarcerated at all relevant times at LCF. Defendant Ellen Bartz is the Health Services Administrator at LCF; she is employed by CCS, the entity that provides health care and treatment to inmates incarcerated within the State's correctional facilities. Defendant David McKune is the Warden at LCF.

Keyes asserts, pursuant to 42 U.S.C. 1983, that Defendants violated his Eighth and Fourteenth Amendment rights. (Complaint, Dkt. 1). He alleges in his Complaint that he is suffering from Hepatitis C, and is not receiving care and treatment for his condition and that there is a policy that denies him medical treatment. He has sued Bartz and McKune in their official capacities. In his request for relief, Keyes seeks an injunction requiring defendants to provide the medical care he believes he needs.

Keyes filed a Motion for Preliminary Injunction seeking to require defendants to begin giving him treatment for his Hepatitis C virus and prohibiting transfer to another facility without prior approval of the court. The court denied the motion. In his Complaint, Keyes seeks $1.7 million dollars for pain and suffering.

The contents of the *Martinez* Report shows that Keyes has received routine monitoring for his Hepatitis C on at least 18 occasions. The *Martinez* Report further shows that Keyes received additional medical care and treatment, including an outside transfer to Providence Medical Center where he received a liver biopsy.

The defendants seek dismissal of Keyes' claims (1) for failure to exhaust his administrative remedies, (2) based on sovereign immunity (those claims against them in their official capacities), (3) based on qualified immunity (any claims which might be advanced against them in their

individual capacities), and (4) for failure to state any claim for relief under the cited constitutional provisions.

The defendants first argue that the action should be dismissed pursuant to the Prisoner Litigation Reform Act, 42 U.S.C. 1997e, *et seq.*, which requires exhaustion of administrative remedies "irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 1825 (2001). They contend that Keyes failed to comply with the remedies and procedures available under K.A.R. § 44-15-101 *et seq*. *See Thomas v. United States Bureau of Prisons*, 2008 WL 2498049, at *2 (10th Cir. June 24, 2008) (lack of exhaustion is an affirmative defense under the PLRA). Defendants argue that while Keyes did attach some documents to his Complaint, they were merely his original requests for medical treatment and generic medical literature.

In his Reply, Keyes submits nearly two hundred pages of documents which include – notwithstanding the court's previous denial of leave to file an Amended Complaint – yet another proposed Amended Complaint. He has also attached numerous documents showing his various requests for medical treatment, as well as copies of materials on hepatitis C which he obtained from his research on the internet. Only a few of these materials are directly relevant to the issue of exhaustion.

Kansas provides for multiple levels of administrative review of grievances under K.A.R. § 44-15-101:

> (d) The grievance procedure shall incorporate several levels of problem solving to assure solution at the lowest administrative level possible.
>
>> (1) Level 1. The inmate shall first submit the grievance report form to an appropriate unit team member of the facility. The parolee shall first submit the form to the parole officer.

> (2) Level 2. The inmate shall then submit the grievance report form to the warden of the facility. The parolee shall then submit the form to the regional parole director.
>
> (3) Level 3. If not resolved, the grievance may be next submitted to the office of the secretary of corrections. Either a response to the grievance or referral of the matter to a deputy secretary of corrections for additional investigation, if necessary, shall be made by the warden. Grievances of inmates may be referred by the secretary to the deputy secretary of corrections for facility management. Grievances of parolees may be referred by the secretary to the deputy secretary of corrections for community and field services management.

The great majority of the plaintiff's exhibits relating to the issue of exhaustion bear only on the lowest level of grievance review. These are complaints directed solely at the local unit leader of the prison. As to the higher levels of review, only plaintiff's Exhibits R and S touch on these grievance channels. In Exhibit R, Keyes apparently submitted a grievance relating to his hepatitis to a unit leader in early March of 2009. The grievance was marked received by the prison on March 5, 2009. After it was denied on March 9, Keyes immediately appealed to the warden, who denied the grievance two days later. (Dkt. 26, Att. 1, at 57. In Exhibit S, Keyes submitted a grievance to the Secretary of Corrections on March 19, 2009. This was denied on April 8. (*Id*. at 59).

The present action was filed September 25, 2008. The PLRA requires exhaustion of remedies before initiating litigation. *See Patel v. Fleming*, 415 F.3d 1105, 1109 (10th Cir. 2005). Exhaustion is a prerequisite to filling suit. *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1140-41 (10th Cir.2005). The goal of the PLRA is to give prison officers time to internally investigate and potentially remediate complaints, and the Supreme Court has recognized that "[t]he benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance." *Woodford v. Ngo*, 548 U.S. 81, 95 (2006). Thus, "[o]f course," the Tenth Circuit has observed, "since the PLRA requires exhaustion as a prerequisite to filing suit, courts may not grant

relief to a prisoner based on a claim that was rejected by the prison on its merits subsequent to the filing of the lawsuit." *Kikumura v. Osagie*, 461 F.3d 1269, 1290 n. 13 (10th Cir. 2006), *overruling on other gds. recog'd Robbins v. Oklahoma*, 519 F.3d 1242 (10th Cir. 2008) (citation omitted). *See also, e.g., Peoples v. Gilman*, 109 F.3d.Appx. 318 (10th Cir. 2004) (holding that district court "properly rejected [the] argument" that prisoner's submission of a grievance after the filing of his civil suit satisfied the exhaustion requirement).

Accordingly, the issue before the court is whether the action should be dismissed with prejudice or without. *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1214 (10th Cir. 2003), *abrogated on other gds.*, *Jones v. Bock*, 549 U.S. 199 (2007).

The defendants argue that any claim against them in their official capacities should be dismissed under the doctrine of sovereign immunity, citing cases such as *Alden v. Maine*, 527 U.S. 706 (1999), and that any claims against them in their individual capacity are barred by the doctrine of qualified immunity. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (officials exercising discretionary authority are entitled to immunity unless their conduct violates some "clearly established statutory constitutional rights of which a reasonable person would have known"). Specifically, they argue that Keyes's Complaint lacks the factual allegations necessary to sustain a conclusion that the defendants violated clearly established law by showing the clearly established constitutional right and clearly stating the alleged conduct which violated the right, combined with a showing of a substantial correlation between the violation and existing law that establishes their actions were clearly prohibited. *See Romero v. Fay*, 45 F.3d 1472, 1475 (10th Cir. 1995).

Finally, they seek dismissal on the grounds that the Fourteenth Amendment claim advanced by Keyes is unsupported by any specific facts showing any violation of procedural due process, and

5

that his claim is governed by the Eighth Amendment's deliberate indifference standard. *See Rider v. Werholtz*, 548 F.Supp.2d 1188, 1201 (D.Kan 2008). Under that standard, the plaintiff must show that the deprivation was so serious that the failure to act was not the product of mere negligence, *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980), and that the defendants acted with a subjectively culpable state of mind. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

The plaintiff has failed to supply effective responses to any of these arguments. Instead, his proposed Amended Complaint merely multiplies the original conclusory claims of the first Complaint, by adding various new defendants and raising additional theories, such as fraud, against the existing defendants. His "Reply" itself is also limited to repeated, conclusory claims of "repeated and deliberate indifference" to his medical needs (Dkt. 26, at 2), coupled with the citation to "numerous rulings nationwide ... that clearly set a precedent in Plaintiff's behalf." (*Id.* at 3. But the numerous cases cited all turn on the specific facts present in those cases; they do not establish that any prisoner complaining of indifferent medical treatment is entitled to a trial. More importantly, Keyes fails to offer any response to the defendants' arguments relating to sovereign or qualified immunity, or that they were deliberately indifferent to a serious medical condition. To the contrary, just as the documents submitted by Keyes demonstrate repeated efforts to obtain medical services, the existing record also shows Keyes has received repeated examination and treatment for his condition.

Accordingly, the court finds that the defendants are qualifiedly immune to the claims against them in their individual capacities, and immune under the doctrine of qualified immunity to any claims against them in their official capacity, and that Keyes' claims further fail to state any claim for relief.

IT IS ACCORDINGLY ORDERED this 21st day of December, 2009 that the defendants' Motion to Dismiss is hereby granted with prejudice.

 s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE